1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN E. BONIN,

          Plaintiff,

   v.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

          Defendant.

_____/

No. C 14-00614 SI

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS**

     Presently before the Court is a motion by defendant Provident Life and Accident Insurance Company ("Provident Life") to dismiss portions of plaintiff John E. Bonin's complaint.  Docket No. 8. For the reasons set forth below, the Court GRANTS defendant's partial motion to dismiss without prejudice to plaintiff filing a motion for leave to amend within **20 days** after he has been served with defendant's initial disclosures.

**BACKGROUND**

     The following facts are taken from the allegations in the complaint.  In 1985, plaintiff purchased two disability insurance policies from Provident Life.  Docket No. 1, Compl. ¶ 2.  Plaintiff became disabled in September 2004, and thereafter made a claim for benefits due under the policies ("the 2004 claim").  *Id.* ¶ 4.  Provident Life made limited payments to plaintiff for parts of 2006, and then denied the claim in a letter dated May 31, 2006 which stated that no further payments would be made.  *Id.*; Docket No. 8-2, Hess Decl. Ex. 1.[1]  Plaintiff appealed Provident Life's denial of benefits, and the

---

[1] The Court may consider the May 31, 2006 letter and the January 22, 2007 letter attached to the declaration of Robert Hess because they are documents that are referenced in the complaint and their authenticity is not contested.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

decision to terminate benefits was affirmed by Provident Life in a letter dated January 22, 2007. Compl. ¶ 4; Docket No. 8-2, Hess Decl. Ex. 2.

Some time later, plaintiff returned to work, but he was unable to perform at the required level, and he again became disabled. Compl. ¶ 4. In a letter dated October 3, 2012, plaintiff requested that Provident Life reopen his claim for benefits ("the 2012 claim"). *Id.* Provident Life accepted the letter as an application for a new claim. *Id.* Plaintiff alleges that despite the filing of this claim in 2012, Provident Life has failed to either approve or deny the claim. *Id.* Plaintiff asserts that in light of the long delay by Provident Life in either approving or denying the claim, the claim is considered denied. *Id.*

On February 20, 2014, plaintiff filed a complaint against Provident Life, alleging causes of action for: (1) bad faith; (2) intentional infliction of emotional distress; and (3) breach of contract. Compl. ¶¶ 6-18. By the present motion, defendant moves to dismiss portions of plaintiff's complaint. Docket No. 8, Def.'s Mot. Specifically, defendant moves to dismiss plaintiff's claims as barred by the relevant statutes of limitations to the extent the claims are based on the 2006 denial of the 2004 claim, and defendant moves to dismiss plaintiff's intentional infliction of emotional distress claim for failure to state a claim.[2] *Id.*

## DISCUSSION

In the motion to dismiss, defendant argues that to the extent plaintiff's claims are based on the 2004 claim, the relevant statutes of limitations—California Code of Civil Procedure §§ 337(1), 339—required plaintiff to file his claims for bad faith and intentional infliction of emotional distress by May 31, 2008 and his claim for breach of contract by May 31, 2010. Def.'s Mot. at 5. Defendant further argues because the present action was not filed until February 10, 2014, plaintiff's claims are time-barred to the extent they are based on the 2004 claim. *Id.* Defendant also argues that plaintiff's

---

[2] At times in its motion to dismiss, defendant appears to contend that all of plaintiff's claims should be dismissed as barred by the relevant statute of limitations. *See, e.g.*, Def.'s Mot. at 4, 12. However, in arguing that the claims are time-barred, defendant only provides arguments explaining why the claims would be barred by the relevant statutes of limitations to the extent they are based on the 2004 claim. *See id.* at 4-5. Defendant has failed to provide the Court with any argument or authority for why the claims would be time-barred to the extent they are based on the 2012 claim.

1   claim for intentional infliction of emotional distress should be dismissed for failure to state a claim

2   because plaintiff has failed to adequately allege "outrageous conduct" by defendant and has failed to

3   adequately allege a "severe injury." *Id.* at 6-10.

4        In response, plaintiff states that he agrees with defendant that the complaint must set forth more

5   detailed factual allegations and states that he does not oppose the Court granting defendant's motion to

6   dismiss. Docket No. 26, Pl.'s Opp'n at 4. Plaintiff argues that in order to provide more detailed

7   allegations in an amended complaint, he needs defendant to produce its initial disclosures. *Id.* at 1.

8   Therefore, plaintiff requests that he be given leave to amend all the claims in the complaint and to add

9   an additional claim for fraud in the inducement within 20 days after he has been served with defendant's

10  initial disclosures. *Id.* at 4-5.

11       Because plaintiff does not oppose defendant's motion to dismiss, the Court grants the motion,

12  dismisses plaintiff's claims for bad faith and breach of contract to the extent they are based on the 2004

13  claim, and dismisses plaintiff's claim for intentional infliction of emotional distress. The action will

14  proceed on plaintiff's claims for bad faith and breach of contract to the extent they are based on the 2012

15  claim. Further, the Court declines to grant plaintiff leave to amend his claims and to add a claim for

16  fraud in the inducement at this time. Plaintiff speculates that he will be able to amend his claims once

17  he receives defendant's initial disclosures. Because plaintiff's request to amend his complaint is based

18  on this speculation, the Court concludes that the better course would be to allow plaintiff to proceed on

19  his remaining claims and have the parties serve their initial disclosures. If after receiving the initial

20  disclosures, plaintiff still contends that he should be allowed to amend his claims, he can then file a

21  motion for leave to amend the pleadings, and the Court will consider whether to grant him leave to

22  amend at that time.[3] *Cf. Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)

23

24       [3] In its reply, defendant argues that plaintiff should not be given leave to amend and that these
    claims should be dismissed with prejudice. Docket No. 27, Def.'s Reply at 1. Plaintiff contends that
25  these claims can possibly be saved by amendment once he receives defendant's initial disclosures. Pl.'s
    Opp'n at 3-4. Therefore, to prove that the proposed amendments would be futile, defendant must show
26  that—even after plaintiff has received the initial disclosures—there is no set of facts that he could allege
    to save these claims. *See United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir.
27  2011) ("Under futility analysis, '[d]ismissal without leave to amend is improper unless it is clear, upon
    de novo review, that the complaint could not be saved by any amendment.' Leave to amend is
28  warranted if the deficiencies can be cured with additional allegations that are 'consistent with the

3

(explaining that the policy of allowing a party to amend its pleadings "'is to be applied with extreme liberality.'").

CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's partial motion to dismiss, DISMISSES plaintiff's claims for bad faith and breach of contract to the extent they are based on the 2004 claim, and DISMISSES plaintiff's claim for intentional infliction of emotional distress. These claims are dismissed without prejudice to plaintiff filing a motion for leave to amend these claims within **20 days** after plaintiff has been served with defendant's initial disclosures.[4] The action will proceed on plaintiff's claims for bad faith and breach of contract to the extent they are based on the 2012 claim. This Order resolves Docket No. 8.

**IT IS SO ORDERED.**

Dated: June 6, 2014

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

---

challenged pleading' and that do not contradict the allegations in the original complaint." (citations omitted)); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("'[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'"). Defendant has failed to make such a showing. Accordingly, the Court declines to dismiss plaintiff's claims with prejudice at this time.

[4] If plaintiff does not file a motion for leave to amend within 20 days after service of the initial disclosures, then defendant may file an appropriate motion to dismiss the above claims with prejudice.