UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. BONIN,<br><br>    Plaintiff,<br><br>    v.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    Defendant. | Case No. 14-cv-00614-SI<br><br>**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 47 |

On May 1, 2015, the Court heard argument on the motion by defendant Provident Life and Accident Insurance Co. for partial summary judgment. For the reasons stated below, the Court GRANTS defendant's motion for partial summary judgment.

**BACKGROUND**

Plaintiff John Bonin purchased two disability insurance policies from Provident in 1985 and 1990, respectively. Docket No. 47, Bishop Decl. Exhs. 1, 2. On June 9, 2005, Bonin submitted a claim under the polices stating that as of September 2004 he could no longer work as a mortgage loan officer, noting symptoms of stress, depression, and anxiety. *Id.* Exh. 3. In response, Provident initiated a review of plaintiff's claim which included reviewing medical records submitted by plaintiff, reviewing his tax records, conducting interviews with plaintiff, his former employer and his treating physician, and commissioning two independent medical evaluations by a psychiatrist and a physiologist not employed by Provident. *Id.* ¶¶ 8-13. Both the Provident and independent physicians agreed that any ailment Bonin might have had would not preclude him from continuing his work as a loan officer, and at least one doctor found that Bonin was likely malingering. *Id.* ¶¶ 14-17, Exhs. 7-9.

On May 31, 2006, Provident sent Bonin a letter indicating the findings of its investigation,

United States District Court
Northern District of California

1    and advising him that he was ineligible for benefits under the policy. *Id.* Exh. 10. Provident had
2    provided Bonin with benefits throughout the duration of the investigation, and opted to continue
3    paying benefits until August 26, 2006, as one of the independent physicians noted that "a brief
4    period of cognitive therapy would facilitate a return to work." *Id.* The letter also advised Bonin
5    that he could appeal its determination within 180 days, and that in any event, under the policy, he
6    had three years to bring legal action "from the date proof of claim is required." *Id.* Exh. 10 at 6.
7    Bonin timely appealed the determination with the assistance of counsel. *Id.* ¶ 21. However, after a
8    second extensive review process, on January 22, 2007, Provident affirmed its earlier finding of
9    ineligibility. *Id.* ¶ 29, Exh. 20.

    In April of 2008, Bonin's then-attorney sent Provident a letter stating that he had retained a
11   rehabilitation consultant and a disability claims consultant to review plaintiff's claims file, and
12   contending that he "believe[s] [he] can prove [Provident] acted in bad faith by unreasonably
13   withholding benefits from Mr. Bonin." Bishop Decl., Exh. 21 at 3. The letter went on to make an
14   exploding offer for settlement, after which point a lawsuit would be filed. *Id.* at 4. Provident
15   responded approximately four weeks later, reiterating its position that Bonin was ineligible for
16   benefits under the policy. Bishop Decl., Exh. 22. As defendant concedes, had Bonin followed
17   through on his threat to sue, it would have been within the contractual limitations period. Def.
18   Mot. at 18. However Bonin made no effort to prosecute his claims and did not contact Provident
19   again until October of 2012.

    On October 3, 2012, Bonin wrote Provident, asking them to once again "revisit a
21   determination of benefits [it] made on May 31, 2006." *Id.* Exh. 23 at 1. Bonin explained that since
22   2008 he had been working as a school teacher, although at a salary below his earnings as a loan
23   officer. *Id.* He also noted that beginning in 2011, he worked as a marketing director at a mortgage
24   company, but was forced to quit because he was unable to cope with the stressful nature of the job.
25   *Id.* Bonin clarified that he did "not want [Provident to] start a new claim [.]" Rather, he wanted
26   Provident "to take [his] original claim, which [it] denied [in 2006], and re-evaluate it now that [it]
27   had] a longer history of [his] condition[.]" *Id.* Exh. 24 at 2.

    Provident responded that it would not revisit its May 2006 determination, but invited

Bonin to submit a claim for disability arising after that time. *Id.* Exh. 26. On March 8, 2013, Bonin responded in turn by submitting new claim forms. *Id.* Exhs. 27, 28. Provident replied with a letter summarizing its correspondence with Bonin since his October 2012 letter, and informing him of his policy benefits. *Id.* Exh. 29. Therein, it stated that the earliest date it could consider his claim for was August 27, 2006–as Bonin had previously received benefits through August 26 during the review process that ultimately resulted in finding that he was not disabled under the policies. *Id.* at 2. Provident's initial review of the records tended to show that Bonin would not be eligible for benefits in light of the fact that (1) he had only visited a mental health professional three times in the calendar years 2007 and 2008, and had sought no such visits since then; (2) a 2007 doctor's note indicated that Bonin had improved and was ready to resume "analytical financial work;" and (3) Bonin had been operating his own consulting firm since 2008, earning a salary in excess of a hundred thousand dollars in 2012. *Id.* ¶ 40, Exh. 32. Provident began scheduling an independent medical examination, however it was unable to reach Bonin. *Id.* ¶ 43. Bonin filed the present action before any examination could take place, and never received a final determination from Provident arising from his 2012 letter.

On February 20, 2014, plaintiff filed a complaint against Provident alleging causes of action for (1) bath faith, (2) intentional infliction of emotional distress, and (3) breach of contract. Compl. ¶¶ 6-18. On June 6, 2014, the Court granted defendant's motion to dismiss with leave to amend.[1] Docket No. 30. On July 23, 2014, plaintiff filed a first amended complaint alleging the same three causes of action. Docket No. 36, FAC ¶¶ 12-24. Now before the Court is defendant's motion for partial summary judgment, which seeks to limit the time period that may serve as a basis for Bonin's claims. Docket No. 47. Specifically, Provident argues that any claims arising out of its 2006 denial of benefits are now time barred. *Id.*

## LEGAL STANDARD

Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and

---

[1] Plaintiff did not oppose defendant's motion. Instead, he requested that Provident produce its initial disclosures and that he be given leave to amend. Docket No. 30 at 3.

3

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1075 (9th Cir. 2011); Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id*. at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Id*. at 324 (quoting then-Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id*. However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)(2).

**DISCUSSION**

Provident argues that Bonin's claims arising out of its 2006 denial of benefits are time barred under the terms of the policies and under applicable California law.

Bonin's claims based on Provident's 2006 denial of benefits are untimely under the

4

applicable statutes of limitation. Under California law, the statute of limitations for Bonin's causes of action began to run when Provident denied his claim in May of 2006. *See Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1144 (Ct. App. 1990) (discussing *Neff v. New York Life Ins. Co.*, 30 Cal. 2d 165 (1947)). Causes of action arising out of a contractual relationship carry a four-year statute of limitations. Cal. Civ. Proc. Code § 337. A cause of action for intentional infliction of emotional distress ("IIED") is governed by a one-year statute of limitations. *See Murphy v. Allstate Ins. Co.*, 83 Cal. App. 3d 38, 50 (Ct. App. 1978); Cal. Civ. Proc. Code § 340. Claims of bad faith are subject to a two-year statute of limitation. *See Blue Shield of California Life & Health Ins. Co. v. Superior Court*, 192 Cal. App. 4th 727, 731 (2011); Cal. Civ. Proc. Code § 339(1). Therefore, the statute of limitations for Bonin's claim for breach of contract expired in May of 2010; his cause of action for IIED expired in May of 2007; and his cause of action for bad faith expired in May of 2008.

Apart from the relevant statutes of limitations, both policies provide a three-year contractual limitation period, which begins to accrue from the time proof of loss is required.[2] "Where the contractual provision is more restrictive than the statute of limitations, the insured must comply with both. Compliance with the contractual provision will not save a claim, however, where the statute of limitations has already expired." *Heighley v. J.C. Penney Life Ins. Co.*, 257 F. Supp. 2d 1241, 1258 (C.D. Cal. 2003) (discussing *Wetzel v. Lou Ehlers Cadillac Grp. Long Term Disability Ins. Program*, 222 F.3d 643, 650 (9th Cir. 2000)). The policies provide:

> **PROOF OF LOSS**
> If the policy provides for periodic payment for a continuing loss, you must give us written proof of loss within 90 days after the end of each period for which we are liable. For any other loss, written proof must be given within 90 days after such loss.
>
> If it was not reasonably possible for you to give written proof in the time required, we will not reduce or deny the claim for this reason if

---

[2] For brevity, the Court cites only to the relevant provisions from the 1990 policy; the terms governing the limitations period in the 1985 policy are essentially identical.

5

> the proof is filed as soon as reasonably possible. In any event, the proof required must be furnished no later than one year after the 90 days unless you are legally unable to do so.
>
> **LEGAL ACTIONS**
> You may not start a legal action to recover on this policy within 60 days after you give us required proof of loss. You may not start such action after three years from the time proof of loss is required.

Bishop Decl., Exh. 2 at 24-25.

As noted above, Bonin's claimed disability began in September of 2004. FAC ¶ 4; Bishop Decl., Exh. 3. Therefore, under the policies, proof of loss would have been required no later than December of 2005 (one year and 90 days from the time of the disability), and accordingly, Bonin is barred from bringing any legal action against Provident arising out of the 2006 denial of benefits after December of 2008. The present action was filed in February of 2014 – over five years after the contractual limitations period had run – and is therefore untimely. Nevertheless, Bonin makes a number of arguments for why his causes of action arising from his 2005 loan officer claim are still viable. Each is addressed in turn.

**A. Waiver**

Bonin argues that Provident's investigation in response to his October 2012 letter effectively waived the limitations period. Pl. Opp'n 10-11. "It is settled law that a waiver exists whenever an insurer intentionally relinquishes its right to rely on the limitations provision." *Prudential-LMI Com. Ins. v. Superior Court*, 51 Cal. 3d 674, 689 (1990). "It is equally settled law that the carrier's conduct which induces the policyholder not to file a prompt action can result in an estoppel." *Singh v. Allstate Ins. Co.*, 63 Cal. App. 4th 135, 144 (1998). However, here, there is no evidence tending to show that Provident affirmatively disavowed its reliance on the limitations period or induced plaintiff not to timely file suit. To the contrary, Provident's response to plaintiff's October 2012 letter made clear that it would not reconsider its May 2006 denial of benefits. Bishop Decl., Exhs. 26, 29. Moreover, by the time plaintiff sent his letter in October of 2012, the limitations period had long since run. Bonin cites no case holding that an insurer may revive a limitations period that has already expired. To the contrary, Bonin "cannot escape the effect of the limitations provision by relying on [Provident's] actions occurring [years] after the

claim was barred." *CBS Broad. Inc. v. Fireman's Fund Ins. Co.*, 70 Cal. App. 4th 1075, 1085 (1999); *see also Prudential-LMI* 51 Cal. 3d at 690, nt. 5 ("conduct by the insurer after the limitation period has run . . . cannot, as a matter of law, amount to a waiver or estoppel."); *Shugerman v. Allstate Ins. Co.,* 594 F. Supp. 2d 1131, 1141 (C.D. Cal. 2009).

**B.     Rolling Accrual**

Citing *Reuter v. Pac. Mut. Life Ins. Co. of Am.*, 5 Cal. App. 2d 333, 336 (1935), Bonin argues that the contractual and statutory limitations periods begin to run anew each time a payment would have been due under the policy, had the claim been approved. However, "[i]n our district, courts have held that the date of accrual of a breach of contract claim based on wrongful denial of insurance coverage is 'the date of the [ ] denial letter,' so long as the letter explains the reasons for the denial." *Greenberg v. Riversource Life Ins. Co.*, No. C 12-00552 WHA, 2012 WL 3257667, at *2 (N.D. Cal. Aug. 8, 2012) (citing *Crown Paper Liquidating Trust v. Am. Int'l Group, Inc.,* 2007 U.S. Dist. LEXIS 89644, * 9–11 (N.D.Cal.2007)); *see also Neff v. New York Life Ins. Co.*, 30 Cal. 2d 165 (1947). Moreover, under California law, before a plaintiff may assert a right to periodic payments, he must first establish, as a threshold matter, that he is entitled to the underlying benefit. *See Dillon v. Bd. of Pension Comm'rs of City of Los Angeles*, 18 Cal. 2d 427, 430 (1941). "An action to determine the existence of the right thus necessarily precedes and is distinct from an action to recover installments which have fallen due after the pension has been granted." *Wetzel v. Lou Ehlers Cadillac Grp. Long Term Disability Ins. Program*, 222 F.3d 643, 650 (9th Cir. 2000) (quoting *Dillon* 18 Cal. 2d at 430); *cf. County. of San Diego v. Myers*, 147 Cal. App. 3d 417, 422 (Ct. App. 1983) ("the statute runs from the date notice entitlement is rejected, not upon failure to make a future periodic reimbursement where no obligation to do so exists."). Therefore Bonin's rolling accrual theory may not serve as a basis to circumvent the applicable limitations periods.

7

## C. Notice-Prejudice Rule

Bonin argues that the notice-prejudice rule insulates his claims from the effect of the contractual and statutory limitations periods. "California law is settled that a defense based on an insured's failure to give timely notice requires the insurer to prove that it suffered substantial prejudice." *Shell Oil Co. v. Winterthur Swiss Ins. Co.*, 12 Cal. App. 4th 715, 760 (1993). "Prejudice is not presumed from delayed notice alone. The insurer must show actual prejudice, not the mere possibility of prejudice." *Id.*; *see also Campbell v. Allstate Ins. Co.*, 60 Cal. 2d 303, 306-07 (1963).

Bonin argues that Provident has not shown that his "delay in providing notice of the claim in October of 2012 has prejudiced its ability to investigate the claim." Pl. Opp'n at 7. In making this argument, Bonin conflates the Proof of Loss provisions with the Legal Action provisions of the policies. The policy requires proof of loss no later than one year and 90 days after the loss was incurred. Legal action may not be initiated "after three years from the time proof of loss is required." Bishop Decl., Exh. 2 at 25. Therefore, while the contractual limitations period begins to accrue on the date that proof of loss is *required*, it makes no difference – for purposes of the limitations period accrual date – whether or when proof of loss was actually given. "[California] courts require no showing of prejudice to enforce a statute of limitations, in insurance cases or otherwise." *State Farm Fire & Cas. Co. v. Superior Court*, 210 Cal. App. 3d 604, 612, (Ct. App. 1989). The notice-prejudice rule is not a proper means to circumvent the effect of a limitations period.[3]

///

---

[3] Moreover, the notice-prejudice rule applies to situations where notice was not timely given. *See UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358, 366 (1999) (citing *Shell Oil Co.*, 12 Cal. App. 4th at 760-61). Here, it is uncontroverted that Bonin properly provided notice by filing a claim in June of 2005, and his claim was fully evaluated by Provident as a result.

**D.	Unable to File Suit**

Finally, Bonin appears to argue that he was unable to sue Provident when it denied his claim in May of 2006 because it agreed to continue paying him benefits until August of 2006. Pl. Opp'n at 2. As an initial matter, this statement is contrary to law. *See Love v.* 221 Cal. App. 3d at 1144 (discussing *Neff* 30 Cal. 2d 165 (1947)). Furthermore, even accepting Bonin's argument, it would only toll the limitations period by three months, which would do little to bridge the gaping chasm of time he allowed to expire before bringing the present suit.

## CONCLUSION

Bonin has failed to show that the relevant limitations periods were tolled, or that his tardiness in filing the present action was otherwise excused. Any cause of action arising out of Provident's May 2006 denial of his loan officer claim is time barred. Bonin therefore may no longer litigate the issue of whether *that claim* was properly denied, or argue that he is entitled to payments that he would have received, had *that claim* been approved. However, the Court expresses no opinion – as it is beyond the scope of defendant's motion – concerning what causes of action plaintiff may pursue in relation to his October 2012 letter. Accordingly, the Court GRANTS defendant's motion for partial summary judgment, as to defendant's May 2006 claim denial.

**IT IS SO ORDERED.**

Dated: May 1, 2015

_____
SUSAN ILLSTON
United States District Judge